[*General Term, April,* 1872.]

## WESSEL AND CO. *v.* DANIEL WEBER.

S. & Co., of Indiana, who were indebted to W. & Co., in Cincinnati, for advances, shipped to W. & Co. a car load of meat, retaining the receipt of the railroad company, but mailing a letter to W. & Co., which was received before the goods arrived, containing an invoice of the goods sent, and containing this language: "We deliver you this load on our indebtedness; do the best you can."

*Held,* that the title to the goods vested in W. & Co., and that they could maintain replevin for the goods against an attaching creditor of S. & Co.

*J. & R. A. Johnston,* for plaintiffs.

*Stallo & Kittredge,* for defendant.

THIS is a motion for a new trial, after finding below, reserved to General Term.

O'CONNOR, J. Stevens & Co. were a firm doing business at Shoals, Indiana. Wessel & Co., a firm doing business in Cincinnati, advanced to Stevens & Co. some $6,000, to be used in cutting pork, Stevens & Co. agreeing to ship to Wessel & Co. all the pork they should cut, Wessel & Co. to

sell it on commission and pay themselves for advances, etc. On March 24, 1870, Stevens & Co. shipped to Wessel & Co. a car load of meat, etc., taking from the railroad company a receipt of the shipment to be forwarded to Cincinnati to Wessel & Co.; and on the same day mail a letter to Wessel & Co. containing an invoice of the shipment, the number of the car, in which letter they say: "We deliver you this load on our indebtedness; do the best you can." This letter was received by Wessel & Co. before the car load of meat reached the city of Cincinnati. Strauss & Bro., a firm in Cincinnati, were a creditor of Stevens & Co., and by an arrangement with some one in Shoals, Indiana, they were informed that Stevens & Co. had made a shipment to Cincinnati; so that by the time the car load of meat reached here, Strauss & Bro. had an attachment ready and attached the meat as the property of Stevens & Co. Wessel & Co. replevied the meat from the sheriff, Weber, and upon the trial obtained a judgment in their favor, which is now here for review.

Under this state of facts, it is admitted by the counsel for Weber, that, as between Stevens & Co. and Wessel & Co., the title was in Wessel & Co. But they claim that as between Stevens & Co. and their creditors, inasmuch as Stevens & Co. retained the receipt of the railroad company, which they say is like a bill of lading, the title was still in Stevens & Co. after the goods were shipped. They claim that Stevens & Co. could have transferred this receipt or bill of lading for advances on the goods to third parties, and with the receipt have transferred the title to the goods.

There is no dispute, then, between the parties as to what the law of the case would be, had not Stevens & Co. retained what, for convenience, we will call the bill of lading. Nor *could* there be any dispute, it always having been held that a shipment of goods, made on advances, accompanied by a letter informing the consignee of the shipment, vested the title in the consignee from the time of the shipment, although the goods never reached the consignee, and although

no bill of lading was sent. 2 Hill, 147; 24 Wend. 169; 1 Curtis, 134; 53 Penn. 335, and many others.

What, then, was the effect of Stevens & Co. retaining the bill of lading? It is admitted that so far as Wessel & Co. were concerned, the letter answered every purpose. Of what legitimate use, then, could the bill of lading be to Stevens & Co. except as receipt against the railroad? It is admitted, also, by counsel on both sides, that the title can not be in two places at the same time, one of the counsel, claiming that there are two things which are indivisible, to wit: sovereignty and title. How, then, can the title be in Wessel & Co. and not out of Stevens & Co.? And if it be out of Stevens & Co., how can any creditor of Stevens & Co. reinvest them with it for the purpose of taking it away from them? The title must be somewhere. It is admitted that until some creditor interfere, it is in Wessel & Co.; that so far as Stevens & Co. are concerned, it is undoubtedly in Wessel & Co., and this admission disposes of the proposition that it was in the power of Stevens & Co., by an indorsement or pledge of the bill of lading to transfer the title to any one in any way after the shipment of the goods and the mailing of the letter to Wessel & Co. Such indorsement or pledge of the bill of lading would not be the act of any creditor of Stevens & Co.; it would not be a matter existing between Stevens & Co. and his creditors.

We are referred, by the counsel for Weber, to the case of *The Irving National Bank of New York* v. *Emery & Sons*, 1 Superior Court Reporter, 76. We do not see that this case in any way bears upon the present. There, the shipper, on the same day that he shipped the goods from New York to Emery & Sons, at Cincinnati, drew on Emery & Sons, and had the draft discounted by the bank and deposited the bill of lading with the bank as security. The shipper was indebted to Emery & Sons, but it is not claimed that they had made any advance on account of this particular consignment. The consignment was not intended by the shipper

as payment of any claim held against him by Emery & Sons, for he was paid a full price for the shipment before it left New York, by the bank. Emery & Sons received the shipment, it being stearine, but refused to pay the drafts, they claiming that the shipper was indebted to them. The result of that transaction was simply that they refused to pay for merchandise received in the usual course of trade. The stearine was the property of the bank, and although shipped to them it was not theirs until they paid for it or were charged for it. They were under no obligation to receive it, but having received it and converted it to their own use, the court properly held they should pay the bank for it. It is a little singular, if there be any merit in the defendant's argument, that this is the only case they have been able to find which, in their judgment, is applicable to their case.

We are satisfied that the shipment to Wessel & Co. and the mailing of the letter to him, under the circumstances of their advancement to Stevens & Co., vested the title in Wessel & Co.; and that neither Stevens & Co., nor any creditor of theirs, had any authority to interfere with such title.

The motion for a new trial is overruled and judgment rendered, on the finding, of one cent and costs.